FILED

**NOT FOR PUBLICATION**

JAN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BYRON FRANKLIN,

        Plaintiff - Appellant,

  v.

RANDY GROUNDS, Warden; et al.,

        Defendants - Appellees.

No. 12-15552

D.C. No. 3:10-cv-04390-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

    California state prisoner Byron Franklin appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Franklin failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his thumb injury. *See id.* at 1057-58 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety; neither negligence in diagnosing or treating a medical need, nor a prisoner's difference of opinion concerning the course of treatment, amounts to deliberate indifference).

The district court did not abuse its discretion in denying Franklin's motions for appointment of counsel because Franklin failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

The district court did not abuse its discretion in denying Franklin's motion for a continuance of summary judgment because Franklin failed diligently to pursue discovery. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920-21 (9th Cir. 1996) (setting forth standard of review and stating that if a litigant fails

diligently to pursue discovery, the district court does not abuse its discretion in denying a motion to continue summary judgment).

Although the district court did not provide notice of the requirements to defeat summary judgment concurrently with the motion for summary judgment, the error was harmless in this case. *See Woods v. Carey*, 684 F.3d 934, 935, 941 (9th Cir. 2012) (*Rand* notice must be served concurrently with a motion for summary judgment; failure to provide adequate *Rand* notice "is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail"); *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (pro se prisoners must be provided plain language notice of the requirements and consequences of the summary judgment rule).

We do not consider matters raised for the first time on appeal. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

**AFFIRMED.**

12-15552